UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES--GENERAL

**Case No.:** CV 09-6164-SJO(CTx)                **Date:** March 11, 2010

**Title:** WHEAT, et al. v. TASER INT'L INC., et al.
=================================================================
**DOCKET ENTRY:**
=================================================================
**PRESENT:**          Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

            Deborah Malone
            Deputy Clerk                              Court Reporter

    ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
          None present                                   None present

**PROCEEDINGS:**   (DENYING REQUEST TO SIGN STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE)

    The request submitted by defendants Taser Int'l Inc., City of Long Beach, Long Beach Police Department and plaintiffs asking the court to sign a stipulated protective order has been referred to the magistrate judge, and is **DENIED WITHOUT PREJUDICE** for the reasons set forth below. The litigants are advised to take the following into consideration before submitting a stipulated proposed protective order to the court:

1. Confidential material should be narrowly and specifically defined and supported by good cause for purposes of a protective order sought from the court. See Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)("[a] party asserting good cause bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted")(citations omitted)(emphasis added); see also Seattle Times v. Rhinehart, 467 U.S. 20, 37 (1984)(protective order does not offend the first amendment where it is "entered on a *showing of good cause as required by Rule 26(c)*, is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources")(emphasis added).

    So that it is clear to the court and any party or nonparty seeking to challenge the confidential designation of any documents covered by a protective order, a proposed order should identify the specific materials, categories, or portions of materials to be deemed confidential in a meaningful fashion (e.g., "business plans," "customer identities," or "market surveys") and indicate what prejudice or harm will result if no protection is granted for those particular documents or information. A proposed protective order that gives the parties latitude to determine, after the fact, what types of materials should fall within the parameters of protected material is not sufficiently specific. (See Stipulation and Proposed

Order, "Stip.," § 1.3.)

In the event that the litigants wish to seek protection for additional categories of materials in the future, they may request to amend the protective order.

2. The litigants agree to make an application to file confidential documents under seal, but such application must comply with the requirements of Local Rule 79-5, and any proposed order submitted to the court should so state. (See Stip. § 12.) In making such an application, the litigants should seek to file *only* the confidential portions of such documents under seal and they must make the appropriate showing. See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006). Any application to file documents under seal in proceedings before the district judge should be made to the district judge.

3. Any motion concerning, for example, the proper designation of confidential material or a request for exemption from the stipulated order should be filed in compliance with the procedures in Local Rule 37, and any proposed order submitted to the court should so state. (See, e.g., Stip. §§ 7.2, 14.6.)

4. A protective order sought from the magistrate judge applies only to information exchanged in discovery and other proceedings before the magistrate judge, and any proposed order submitted for the magistrate judge's signature should so state. The proposed order purports to cover, for example, information that may be introduced at trial and post-judgment matters. (E.g., Stip.§§ 3, 4.1(b), 13.) To the extent the litigants wish to have a broader protective order that covers matters beyond discovery, they may submit a request for a proposed stipulated protective order to the district judge. The magistrate judge suggests that if the litigants wish to submit a broader order to the district judge, they clearly state in the caption that the request *is not limited to discovery and is for consideration by the district judge* so the request will not be routed to the magistrate judge.

In general, once a case proceeds to trial, all the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless an appropriate showing is made to the district judge in advance of the trial to proceed otherwise.

5. The litigants are advised that no modification will have the force of a court order unless the court approves of the modification. (E.g., Stip. §14.1.)

6. The order could be read to suggest court personnel are required to comply with its terms, however, the local rules provide procedures for materials that parties seek to file under seal. (See Stip. § 8.3.)

     The litigants should consider whether some or all of the materials at issue can be exchanged in redacted form (e.g., by deleting proprietary or other confidential information) or **whether they can enter into a confidentiality agreement among themselves, obviating the need for a protective order from the court.**

**IT IS SO ORDERED.**

cc:   Judge Otero

     Thomas V. Girardi, Esq.
     Graham B. LippSmith, Esq.
     Girardi and Keese
     1126 Wilshire Boulevard
     Los Angeles, CA 90017

     Mildred K. O'Linn, Esq.
     Manning and Marder, Kass, Ellrod, Ramirez, LLP
     801 South Figueroa Street, 15th Floor
     Los Angeles, CA 90017

     Monte H. Manchit, Esq.
     Long Beach City Attorney's Office
     333 W. Ocean Blvd., 11th Floor
     Long Beach, CA 90802

**MINUTES FORM 11**                                       **Initials of Deputy Clerk_____**
**CIVIL-GEN**