JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 09-6164-JST (JCx)                                              Date:  February 11, 2011
Title:  Timothy Wheat et al. v. Taser International, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|   Ellen Matheson   | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                                                   Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT**

In July 2009, Plaintiffs Timothy Wheat and Jane Wheat filed suit against Taser International, Inc., the City of Long Beach, Chief of Long Beach Police Department Anthony Batts, and Long Beach Police Officer Robert Bernsen.  In August 2009, Defendants removed the action to federal court pursuant to 28 U.S.C. § 1331 based on Plaintiffs' claims under 42 U.S.C. § 1983.  (Doc. 1.)  On January 18, 2011, pursuant to the parties' stipulation, the Court dismissed the 42 U.S.C. § 1983 claims, leaving only pendant state law claims against Defendants.  (Doc. 62.)

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c).  The Supreme Court has held that "when the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court ha[s] a powerful reason to choose not to continue to exercise jurisdiction," and, thus, "when a district court may relinquish jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court.").  "The district court's decision to remand remains discretionary and is dependent upon what 'will best accommodate the values of economy, convenience, fairness, and comity.'" *Harrell*, 934 F.2d at 205 (quoting *Carnegie-Mellon*, 484 U.S. at 351).  A district court may remand *sua sponte*. *Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992).  When the federal claims are dismissed before trial, the remaining state law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 09-6164-JST (JCx) | Date:  February 11, 2011 |
| Title:  Timothy Wheat et al. v. Taser International, et al. | |

claims "should" be dismissed or remanded.  *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.")).

     Here, the Court notes that though the case was removed in August of 2009, it is still in the pre-trial stage and this Court has neither heard nor ruled upon any dispositive motions.  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7.  Further, the Supreme Court has instructed that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . ." *Gibbs*, 383 U.S. at 726.  Thus, in light of the recent dismissal of Plaintiffs' section 1983 claims, which provided the only basis for removal and the Court's original jurisdiction, the Court finds that retaining jurisdiction over the remaining state law claims would be inappropriate.  *See Carnegie-Mellon*, 484 U.S. at 357.  Accordingly, the Court vacates all scheduled hearings, motions, and dates on the calendar and REMANDS the case to Los Angeles Superior Court.

                                            Initials of Preparer:  enm